**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JESUS OROZCO-CARRAZCO, | ) | |
| | ) | Civ. Action No. 11-041 (Erie) |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Judge Maurice B. Cohill |
| | ) | Magistrate Judge Susan Paradise Baxter |
| ARCHIE B. LONGLEY, Warden, | ) | |
| FCI McKean, | ) | |
| | ) | |
| Respondent. | ) | filed electronically |

**RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS**

AND NOW, comes Respondent Archie B. Longley, Warden of FCI McKean ("Respondent") by his attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Jennifer Andrade, Assistant United States Attorney for said district, and respectfully responds to the Petition for Writ of Habeas Corpus filed herein as follows:

**INTRODUCTION**

Petitioner Jesus Orozco-Carrazco ("Petitioner") has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, in which he challenges a disciplinary action taken at the Federal Detention Center ("FDC"), SeaTac, Washington in connection with Incident Report Number 1841621, charging him with Stealing and Telephone Abuse (non-criminal) in violation of Codes 219 and 297, respectively. Specifically, he alleges that his due process rights were violated because the DHO imposed the sanction of loss of good conduct time while Petitioner was a pretrial inmate. See Petition, p. 5. He also alleges that the DHO in this case "usurped" his authority. See id., p. 5. As relief, he seeks reinstatement of 41 days of good conduct time. See id., p. 5.

## FACTUAL BACKGROUND

On June 15, 2009, Petitioner was sentenced in the United States District Court for the Western District of Washington to a 46 month term of imprisonment with a three year term of supervised release to follow for Possession of Methamphetamine With Intent to Distribute and Possession of a Firearm By a Prohibited Person, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. §§ 922(g) and 924(a)(2), respectively. Assuming that he receives all Good Conduct Time ("GCT") available to him under 18 U.S.C. § 3624(b), his projected release date is November 24, 2011. See **Document 1a**, Public Information Data, attached to the Declaration of Vanessa Herbin-Smith.

### I. INCIDENT REPORT NUMBER 1841621

On March 6, 2009, Incident Report Number 1841621 was issued at FDC SeaTac, Washington, charging Petitioner with Use of the Telephone for Abuses Other Than Criminal Activity and Stealing, Codes 297 and 219, respectively. See **Document 2a**, Incident Report Number 1841621, attached to the Declaration of Shirley White. Incident Report Number 1841621 charged Petitioner with the following conduct:

> On 3-6-09 at approximately 3:27 PM, I monitored a live phone call, which began at 3:23 PM, placed by inmate (name and Register Number omitted). I notified the unit officer to verify the inmate's name who was using phone station 4830. Unit officer notified me that it was inmate Jesus Orozco-Carrazco, #35936-086 on the live call. I verified all calls placed to phone number (phone number omitted) and found only one inmate approved to the number. Inmate Orozco-Carrazco #35936-086 used another inmate's phone minutes to place this phone call. I/m Orozco-Carrazco #35936-086 began using I/m (name and Register Number omitted) phone minutes dating back to 2-4-09. I/m Orozco-Carrazco #35936-086 has placed a total of 26 phone calls using another inmate's phone account starting on 2-4-09. All calls were direct calls using the money on inmate (name omitted) phone account, therefore Inmate Orozco-Carrazco received anything of value from another inmate. In total I/m Orozco-Carrazco #35936-086 has used up a total of 218 minutes of I/m (name and Register Number omitted) phone time.

> I verified all calls placed to (phone number omitted) dating back to 2-4-09 and I can verify inmate Orozco-Carrazco's #35936-086 voice and he is talking to the same female.

Id., at p. 1.

On March 6, 2009, the Incident Report was delivered to Petitioner. Id., at p. 1. Upon delivery of the Incident Report, an investigation was conducted. Petitioner was advised of his right to remain silent during the disciplinary process. Id., at p. 2. After the Incident Report was read to him, Petitioner indicated that he understood the charges against him. The Investigating Lieutenant noted Petitioner's responses to the following questions: "When asked: 'Did (name omitted) give you his PAC number or did you steal it?' Inmate Orozco-Carrazco replied: 'Stealed it.' When asked: 'Did you use his money or your money to place the phone calls?' Inmate Orozco-Carrazco replied: 'his money.' When asked: 'who were you calling?' Inmate Orozco-Carrazco replied: 'My fiancé, Linda.' When asked: 'Does (name omitted) know that you are using his phone account and his money?' Inmate Orozco-Carrazco replied: 'He doesn't know. He only uses it sometimes. He asked for help getting numbers approved on the computer and I just got it over there. I placed that number on his account.' When asked: 'How is he getting money put on his books?' Inmate Orozco-Carrazco replied: 'I think his family.'" Id., at p. 2. The Investigating Lieutenant indicated that he spoke with the other inmate, and the other inmate did not have any idea that he was being taken advantage of by his friend. He stated that when he needed help, Inmate Orozco-Carrazco helped him. Id., at p. 2. At the conclusion of the investigation, the Investigating Lieutenant referred the Incident Report to the Unit Discipline Committee ("UDC") for an initial hearing. Id., at p. 2.

On March 11, 2009, the UDC convened for an initial hearing. At the conclusion of the hearing, the UDC referred Incident Report Number 1841621 to the DHO for final disposition. The

UDC noted that the sanctions available for the misconducts charged were greater (more severe) than the UDC was authorized to impose. See **Document 1c**, Inmate Discipline Incident Report History, attached to the Declaration of Vanessa Herbin-Smith.

After the initial hearing, Petitioner was advised of his rights at the DHO Hearing. See **Document 2b**, Inmate Rights at Discipline Hearing, attached to the Declaration of Shirley White. On March 24, 2009, the DHO hearing for Incident Report Number 1841621 was held at FDC SeaTac. See **Document 2c**, DHO Report, dated March 24, 2009, attached to the Declaration of Shirley White. Petitioner was advised of his rights before the DHO. He waived his right to a staff representative and witnesses. Id., at p. 1. He told the DHO:

> 'I did take his [PAC] number and use it to make phone calls[.]' [']He didn't know how to use it very well so I showed him and then I used his information and made call[s] with it[.]' 'He had no idea that I was doing it, but he is my [cousin] so I just did it anyway[.]' 'I guess there really isn't much more for me to say[;] I did it and I won't do it any more[.]' 'My Mother puts money on his books anyway[.]'

Id., at p. 1.

At the conclusion of the hearing, the DHO determined that Petitioner committed the prohibited acts of Stealing and Abuse of the Telephone (non-criminal), in violation of Codes 219 and 297, respectively. Id., at p. 2. In reaching its decision, the DHO relied upon the written statement of the reporting staff member indicating that on March 6, 2009, at about 3:23 p.m., Petitioner made a telephone call from phone station number 4830 in Unit E-B. During the phone call, it was determined that Petitioner was making an unauthorized telephone call using another inmate's telephone account information. Id., at p. 3. The DHO also relied upon Petitioner's statement in which Petitioner admitted to using the other inmate's PAC number. Petitioner also admitted that he placed a telephone number on the other inmate's approved telephone list without

the other inmate's knowledge. Id., at p. 3.

After determining that Petitioner violated Codes 219 and 297, the DHO imposed the following sanctions for violating Code 297 (Abuse of the Telephone – non-criminal): (1) disallowance of 14 days of GCT; (2) 20 days of disciplinary segregation ("DS"); and (3) 60 days loss of telephone privileges. The DHO also imposed the following sanctions for violating Code 219 (Stealing): (1) disallowance of 27 days of GCT; (2) 15 days of DS; and (3) 30 days loss of telephone privileges. Id., at p. 3. The DHO noted that the sanctions were imposed to punish him for committing the prohibited acts. His actions reflected a disregard for telephone procedures and a lack of concern for the rules and regulations of FDC SeaTac. Id., at p. 4.

On March 30, 2009, the DHO Report was delivered to Petitioner. The DHO Report advised Petitioner that if he was dissatisfied with the disciplinary actions taken against him, that he could file an appeal with the appropriate Regional Office. He was specifically advised that his appeal must be received in the Regional Office within 20 calendar days of the date that he received the DHO Report. Id., at p. 4. On April 21, 2009, the DHO delivered the DHO report to Petitioner and advised Petitioner of his appeal rights. Id., at p . 3.

Petitioner failed to file a timely appeal. See **Document 1**, at ¶ 6, Declaration of Vanessa Herbin-Smith; **Document 1b**, Administrative Remedy Generalized Retrieval, attached to the Declaration of Vanessa Herbin-Smith. His Administrative Remedy record reflects that he waited until September 13, 2010 in which to file an appeal with the Bureau of Prisons ("BOP") Northeast Regional Office, and that this appeal was rejected by the Regional Office because it was filed outside of the 20 day filing period. See **Document 1**, at ¶ 6; **Document 1b**, at pp. 2-5.

On September 22, 2009, Petitioner was moved from FDC SeaTac to the Federal Transfer

Center ("FTC") Oklahoma City, Oklahoma, en route to FCI McKean, his first designated institution. See **Document 1d**, Inmate History Admission-Release, attached to the Declaration of Vanessa Herbin-Smith. On November 6, 2009, Petitioner was designated to FCI McKean, Pennsylvania. Id.

On or before June 23, 2011, the Warden at FCI McKean reviewed the DHO packet for Incident Report Number 1841621 for technical errors. Based upon his concern that a technical error may have been committed during the processing of Incident Report Number 1841621, he remanded the case to the DHO at FCI McKean for review and a rehearing. See **Document 2d**, at p. 2, DHO Report, dated June 23, 2011, attached to the Declaration of Shirley White.

On June 23, 2011, the DHO at FCI McKean re-heard Incident Report Number 1841621. Petitioner was advised that as a result of an Executive Staff review of the DHO packet it was determined that a procedural error may have been made. Id., at p. 2. The DHO advised Petitioner of his due process rights. Petitioner stated that he understood his rights. He had no documentary evidence to present, and he requested no witnesses or a staff representative. Id., at pp. 1-2. Petitioner told the DHO that the Incident Report was true as written. Petitioner admitted that he used the other inmate's telephone account to place a telephone call. He stated his belief that because he was a pre-trial detainee at the time he committed the misconduct, that the BOP could not disallow GCT. Id., at p. 1.

At the conclusion of the hearing, the DHO at FCI McKean determined that Petitioner committed the prohibited act of Abuse of the Telephone (non-criminal), in violation of Code 297. The charge of Stealing (Code 219) was expunged. The DHO based its decision on the written statement of the reporting staff member. Id., at p. 2. The DHO explained that because the charge of

Abuse of the Telephones (non-criminal) covered both the act of taking the other inmate's PAC number and the act of using it, he would expunge the charge for Stealing, Code 219. Id., at p. 2. The DHO noted that Petitioner offered no defense. The DHO advised Petitioner that the BOP policy on inmate discipline authorized him to disallow GCT from pretrial detainees as well as sentenced prisoners in BOP custody. Id., at p. 3. The DHO imposed the following sanctions: (1) disallowance of 14 days of GCT; (2) 60 days of telephone restriction (already served); and (3) 20 days of DS (already served). See **Document 2d**, at p. 3; **Document 1e**, Inmate Discipline Data – Chronological Disciplinary Record, attached to the Declaration of Vanessa Herbin-Smith. All GCT taken in connection with the Stealing (Code 219) charge was reinstated to Petitioner's sentence computation. See **Document 1f**, at p. 2, Sentence Monitoring Computation Data, attached to the Declaration of Vanessa Herbin-Smith.

The Amended DHO report was delivered to Petitioner on June 24, 2011. See **Document 2d**, at p. 3. The Amended DHO report advised Petitioner that if he was dissatisfied with the disciplinary action taken in connection with the re-hearing, he could appeal to the appropriate Regional Office. He was advised that his appeal must be received in the Regional Office within 20 calendar days of the date that the Amended DHO report was delivered to him. See, **Document 2d**, at p. 3.

Petitioner has not filed a Regional Appeal challenging the decision or actions of the DHO at FCI McKean in connection with Incident Report Number 35936-086. See **Document 1b**.

Petitioner's discipline record has been amended to reflect the actions taken in the re-hearing of June 23, 2011. See **Document 1e**.

## ARGUMENT

### I. THE PETITION MUST BE DISMISSED FOR FAILURE TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES PRIOR TO FILING THE PETITION

The Petition should be dismissed due to Petitioner's failure to exhaust his available administrative remedies with respect to the amended DHO action taken on June 23, 2011. Although there is no statutory exhaustion requirement attached to habeas proceedings under 28 U.S.C. § 2241, courts have consistently applied an exhaustion requirement to claims brought under § 2241. See Mascoto v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996); see also Marti v. Nash, 227 Fed. Appx. 148, 150, 2007 WL 1072969 (3d Cir. 2007) (quoting Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000)); Blom v. Folino, 201 Fed. Appx. 899, 901, 2006 WL 3051794 (3d Cir. 2006); Ridley v. Smith, 179 Fed. Appx. 109, 111, 2006 WL 1168780 (3d Cir. 2006) (citing Mascoto, 98 F.3d at 760); United States v. Brann, 990 F.2d 98 (3d Cir. 1993); Arias v. United States Parole Commission, 648 F.2d 196 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973).

The BOP's administrative remedy procedure is set forth at 28 C.F.R. § 542.10 et seq., and provides formal review of any complaint which relates to any aspect of the inmate's confinement. Under this process, inmates are encouraged to first attempt resolution of their complaints informally by addressing the matter with a member of their Unit Team. 28 C.F.R. § 542.13. A record of that attempt is signed by the inmate and a member of the Unit Team. Id. If informal resolution is insufficient to resolve the matter, the inmate may file a formal complaint with the Warden within fifteen days of the date on which the basis of the complaint occurred. 28 C.F.R. § 542.14. If the inmate is not satisfied with the Warden's response, he or she may appeal the response to the

Regional Director. 28 C.F.R. § 542.15.

Inmates seeking to appeal the decision of a DHO may appeal directly to the Regional Director within 20 days after receiving the written DHO report (28 C.F.R. § 542.15(a)), thus bypassing the institutional level of review. 28 C.F.R § 542.14(d)(2). If the inmate is dissatisfied with the Region' response, he or she may file a Central Office Appeal with the BOP's Office of General Counsel in Washington, D.C. 28 C.F.R. § 542.15. Appeal to the Office of General Counsel is the final administrative appeal in the BOP.

In the instant case, Petitioner failed to timely appeal the disciplinary action taken on March 24, 2009 at FDC SeaTac, and to date he has not filed a Regional Administrative Remedy Appeal for the June 23, 2011 DHO re-hearing at FCI McKean. All disciplinary action taken in connection with the March 24, 2009 has been rendered moot by the June 23, 2011 re-hearing. Specifically, on June 23, 2011, the DHO at FCI McKean reconsidered the decision rendered on March 24, 2009 and determined that Petitioner violated Code 297 only. The DHO expunged the charge of Stealing (Code 219) and reinstated all GCT taken at FDC SeaTac in connection with the Code 219 violation. On June 24, 2011, the DHO at FCI McKean issued an amended DHO report advising Petitioner of its findings and of his appeal rights. See **Document 2d**, at p.3.

To date, Petitioner has not filed a Regional Administrative Remedy Appeal of the DHO's reconsideration of Incident Report Number 1841621. See **Document 1**, at ¶ 9. Petitioner had ntil approximately July 14, 2011, in which to submit a Regional Appeal in this case. Id.

Therefore, because Petitioner has failed to exhaust his available administrative remedies regarding the DHO's final disposition of Incident Report Number 1841621, the Petition must be dismissed.

## II. PETITIONER WAS NOT DEPRIVED OF ANY PROCESS REQUIRED UNDER THE DUE PROCESS CLAUSE

Due process protections attach in prison disciplinary proceedings in which the loss of good time credits is at stake. Ortiz v. Holt, No. 10-1065, 2010 WL 3213840, at *1 (3d Cir. Aug. 16, 2010). The United States Supreme Court articulated the standards to be followed in prison disciplinary hearings in Wolff v. McDonnell, 418 U.S. 539 (1974). To safeguard due process, the Constitution requires the following: (1) the right to appear before an impartial decision-making body; (2) written notice of the charges 24 hours in advance of the disciplinary hearing; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or if complex issues are involved; and (5) a written decision by the fact finder as to the evidence relied upon and the rationale behind the disciplinary action. Wolff, 418 U.S. at 563-72.

Since the Supreme Court issued its decision in Wolff, the BOP established regulations setting forth the procedures for inmate discipline hearings. See 28 C.F.R. § 541.10 et seq. These regulations substantially track the procedures set forth in Wolff and, in some respects, actually go beyond the constitutionally-mandated procedures. See Von Kahl v. Brennan, 855 F.Supp. 1413, 1418 (M.D.Pa. 1994). The BOP regulations provide that an inmate with the following rights before the DHO: (1) no less than 24 hours advance written notice of the charges; (2) a full time staff member to represent him at the DHO hearing; (3) the opportunity to make a statement and to present documentary evidence and witnesses; (4) the right to be present throughout the DHO hearing; (5) the right to have all evidence presented at the DHO considered by the DHO, and disclosure of the decision of the DHO. The determination of the DHO must be based on at least

some facts, and if there is conflicting evidence, it must be based on the greater weight of the evidence; and (6) the right to a written report of the DHO's findings, the DHO's decision and the specific evidence relied upon by the DHO. 28 C.F.R. § 541.17.

The evidence shows that Petitioner was not denied any process due to him under the Due Process Clause or under applicable BOP regulations. See Wolff, 418 U.S. at 563-72; 28 C.F.R. § 541, et seq.; **Document 2a**; **Document 2b**, **Document 2c**, and **Document 2d**.

Therefore, because Petitioner was not denied any process required under the Due Process Clause or BOP regulations his petition should be denied.

## III. THE DETERMINATION OF THE DHO WAS SUPPORTED BY AT LEAST SOME EVIDENCE

It is well-settled that the decision of a prison DHO is entitled to considerable deference by a reviewing court, and the decision must be upheld if there is "some evidence" to support the decision. Superintendent v. Hill, 472 U.S. 445, 454-455 (1985); Franco v. Kelly, 854 F.2d 584, 588 (2d Cir. 1988); Freeman v. Rideout, 808 F.2d 949, 954 (2d Cir. 1986). In announcing this standard, the Supreme Court stated that in reviewing the findings of a prison disciplinary board, a court need not examine the complete record, assess the credibility of the witnesses, nor weigh the evidence. Instead, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. at 455-56. Applying this standard, once the reviewing court determines there is at least "some evidence" to support the findings of the DHO, the court must reject the evidentiary challenge by the petitioner and uphold the finding of the DHO. Griffin v. Spratt, 969 F.2d 16, 22 (3d Cir. 1992); Thompson v. Owens, 889 F.2d 500, 501 (3d Cir. 1989); Freeman, 808 F.2d at 954.

In this case, the evidence shows that Petitioner was charged with Stealing and Abuse of the

Telephone (non-criminal), in violation of Codes 219 and 297, respectively, for an incident which occurred at FDC SeaTac on March 6, 2009. See **Document 2a**, at p. 1. The Incident Report alleged that while monitoring a live telephone call which began at 3:23 pm, the Reporting Staff member contacted the Unit Officer to verify the identity of the inmate who was participating in a telephone call from phone station number 4830. The Unit Officer reported that Petitioner was the inmate participating in the live call. The Reporting Staff member verified that Petitioner was the only inmate approved to call the telephone number that was called from phone station 4830. The Reporting staff member also verified that Petitioner was using another inmate's telephone minutes to place this telephone call. It was verified that Petitioner placed a total of 26 telephone calls totaling 218 minutes using another inmate's telephone account. Id., at p. 1.

At the DHO re-hearing of June 23, 2011, Petitioner admitted to using another inmate's telephone account to place calls while he was detained at FDC SeaTac. See **Document 2d**, at p. 1. At the DHO hearing, Petitioner waived his right to present witnesses and documentary evidence. He also waived his right to a staff representative. At the conclusion of the hearing, the DHO at FCI McKean determined that he committed the prohibited act of Abuse of the Telephone, Code 297, and the charge of Stealing, Code 219, was expunged. The DHO at FCI McKean explained that the charge of Abuse of the Telephone encompassed both the act of taking another inmate's Phone Access Number and the act of using it. Thus the charge of Stealing was duplicative. Id., at p. 2. Petitioner was sanctioned to disallowance of 14 days of GCT, 60 days of telephone restriction (already served) and 20 days of DS (already served). Any GCT taken in connection with the Stealing charge (which was upheld by the DHO at FDC SeaTac at the initial DHO hearing) was reinstated to Petitioner's sentence computation. See **Document 2d**, at p. 3; **Document 1e**, at p. 1;

**Document 1f**, pp. 1-2.

Therefore, because Petitioner was not deprived of any process due to inmates charged with a violation of prison rules, and the determination of the DHO was supported by at least some evidence, the Petition should be denied.

## IV. PETITIONER'S STATUS AS A PRETRIAL INMATE AT THE TIME HE COMMITTED THE MISCONDUCT DOES NOT EXEMPT HIM FROM LOSS OF GCT AFTER A FINDING BY A DHO THAT HE COMMITTED A HIGH SEVERITY MISCONDUCT

Assuming the court permits Petitioner to proceed without first exhausting his available administrative remedies, there is no merit that the DHO at FCI McKean lacked the authority to disallow GCT as a sanction.

Similar to sentenced inmates, a pretrial detainee's rights at a disciplinary hearing are set forth in Wolff v. Donnell, 418 U.S. 539 (1974). As stated above, it is well-established that the loss of GCT as punishment for prison disciplinary offenses implicates a liberty interest protected by Due Process Clause. See Wolff, 418 U.S. at 558. However, the Petition fails to set forth a due process violation under Wolff. Notably, Petitioner received written notice of the charges at least 24 hours prior to the DHO hearing. Petitioner was not denied the right to present witnesses and/or evidence, and he waived his right to a staff representative. At the DHO hearing, he admitted to using another inmate's telephone access code and account to place and fund his telephone calls. The decision of the DHO that he committed the prohibited act of Abuse of the Telephone (non-criminal), Code 297, was supported by at least some evidence in the record. After the DHO hearing, he received the DHO report advising him of the evidence the DHO's relied upon to determine he committed the prohibited act(s), the sanctions imposed, and the reasons for the sanctions. See **Document 2d**.

Moreover, Petitioner has failed to support his claim that his status as a pretrial detainee

exempted him from the sanction of loss of GCT. Indeed, caselaw from analogous cases reflects that as long as the procedures set forth in Wolff are followed, and the decision of the DHO is supported by at least some evidence in the record, the sanction of loss of GCT may be imposed by a DHO upon a pretrial inmate. See Rodriguez v. Bureau of Prisons, Civil No. 09-6223, 2011 WL 1325992 (D.N.J. Apr. 1, 2011); Homen v. Hasty, 229 F.Supp.2d 290 (S.D.N.Y. 2002).

In Rodriguez, a federal inmate challenged disciplinary actions taken in connection with numerous Incident Reports charging him with Abuse of the Telephone. All of the challenged disciplinary actions were taken while the inmate was confined as a pretrial detainee. The sanctions imposed by the DHO included loss of telephone privileges, commissary and visiting privileges; loss of GCT; and disciplinary segregation. The United States District Court for the District of New Jersey upheld the disciplinary actions taken. The court explained that because the due process safeguards set forth in Wolff were applied in each case, and charges were supported by at least some evidence, the inmate's due process rights were not violated by the sanctions imposed by the DHO in each case. Id., at *4.

Therefore, because the sanction of loss of GCT is a sanction that may be imposed upon pretrial inmates so long as the procedural due process safeguards set forth in Wolff are followed and the decision of the DHO is supported by at least some evidence, the Petition must be dismissed.

## V. PETITIONER'S CHALLENGE TO THE CREDENTIALS OF THE DHO AT FDC SEATAC HAS BEEN RENDERED MOOT BECAUSE THE INCIDENT REPORT WAS RE-HEARD BY A CERTIFIED DHO AT FCI MCKEAN

Petitioner's challenge to the credentials of the DHO at FDC SeaTac lack merit. However, even in the event that the DHO at SeaTac was not a duly certified DHO (which Respondent does not concede), this issue has been rendered moot due to the fact that the Incident Report was re-heard

by a certified DHO at FCI McKean.

A case may become moot if: (1) the alleged violation has ceased, and there is no reasonable expectation that it will recur, *and* (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. See County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979); see also New Jersey Turnpike Authority v. Jersey Central Power, 772 F.2d 25 (3d Cir. 1985); Hudson v. Robinson, 678 F.2d 462 (3d Cir. 1982).

In this case, the rehearing at FCI McKean by a certified DHO superseded that action taken by the DHO at FDC SeaTac. Although Petitioner has produced no evidence to support his contention that the DHO at FDC SeaTac was not a duly certified DHO, any effects of the DHO hearing at FDC SeaTac were completely and irrevocably eradicated by the re-hearing held at FCI McKean on June 23, 2011. See **Document 2d**.

**VI. ASSUMING THE COURT GRANTS THE PETITION, THE PROPER RELIEF IS REMANDING THE CASE TO THE RESPONDENT FOR RECONSIDERATION**

In the event that this court agrees with Petitioner that his due process rights were violated, the only proper remedy is to order the case be remanded to the Respondent for reconsideration.

By enacting § 2241, Congress authorized courts to use their habeas corpus jurisdiction under limited circumstances. As such, the only remedy which the court can give is to order the BOP to correct its prior decision within a fixed period of time, after which, in the case of non-compliance, the court can grant the writ of habeas corpus and order the reduction in sentence. See Billiteri v. United States Board of Parole, 541 F.2d 938, 944 (1976); Roussos v. Menifee, 122 F.3d 159 (3d Cir. 1997).

Therefore, because the only proper remedy is to remand this case to the BOP for reconsideration, if the court should agree with Petitioner's argument, the only proper remedy would

be to remand the case to the BOP for reconsideration.

## CONCLUSION

For all the foregoing reasons, the Court should dismiss the Petition for Writ of Habeas Corpus.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

/s/ Jennifer Andrade

JENNIFER ANDRADE
Assistant U.S. Attorney
U.S. Courthouse and Post Office
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 644-3500
Counsel for Respondent

**CERTIFICATE OF SERVICE**

I hereby certify that I have served this date a copy of the within *Motion for Enlargement of Time to File Response*, by mail or electronic filing, upon the following:

Jesus Orozco-Carrazco
Reg. No. 35936-086
FCI McKean
P.O. Box 8000
Bradford, PA 16701

/s/ Jennifer Andrade
JENNIFER ANDRADE
Assistant United States Attorney

Date: July 15, 2011