IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESUS OROZCO-CARRAZCO, | ) | |
| Petitioner, | ) | Civil Action No. 11-41 Erie |
| | ) | |
| v. | ) | Senior District Maurice B. Cohill |
| | ) | Magistrate Judge Susan Paradise Baxter |
| ARCHIE B. LONGLEY, | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus (ECF No. 4) filed by federal prisoner Jesus Orozco-Carrazco be dismissed and that this case be closed. It is further recommended that his motion for writ of mandamus (ECF No. 11) be dismissed.

### II. REPORT

Pending before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Jesus Orozco-Carrazco ("Petitioner" or "Orozco-Carrazco") in which he challenges a disciplinary action taken at the Federal Detention Center ("FDC"), SeaTac, which is located in the State of Washington. His challenge is in connection with Incident Report No. 1841621, in which he was charged with Stealing and Telephone Abuse (non-criminal) in violation of Codes 219 and 297, respectively. He alleges that the sanctions he received following his March 24, 2009, disciplinary hearing at FDC SeaTac were imposed in violation of his due process rights. He also claims that the Disciplinary Hearing Officer ("DHO") at FDC SeaTac, Randy McWilliams, "usurped his position while at FDC-SeaTac when acting in the capacity of a DHO Officer for the BOP." As relief, he seeks reinstatement of 41 days of good conduct time. (ECF No. 4 at 5).

1

### A. Relevant Background

On June 15, 2009, Petitioner was sentenced in the United States District Court for the Western District of Washington to a 46 month term of imprisonment with a three year term of supervised release to follow for Possession of Methamphetamine With Intent to Distribute and Possession of a Firearm By a Prohibited Person, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. §§ 922(g) and 924(a)(2), respectively. Assuming that he receives all Good Conduct Time ("GCT") available to him under 18 U.S.C. § 3624(b), his projected release date is November 24, 2011.

On March 6, 2009, Incident Report No. 1841621 was issued at FDC SeaTac, Washington, charging Petitioner with Use of the Telephone for Abuses Other Than Criminal Activity and Stealing, Codes 297 and 219, respectively. (ECF No. 10-2 at 5-6). It was stated in the Incident Report:

> On 3-6-09 at approximately 3:27 PM, I monitored a live phone call, which began at 3:23 PM, placed by inmate (name and Register Number omitted). I notified the unit officer to verify the inmate's name who was using phone station 4830. Unit officer notified me that it was inmate Jesus Orozco-Carrazco, #35936-086 on the live call. I verified all calls placed to phone number (phone number omitted) and found only one inmate approved to the number. Inmate Orozco-Carrazco #35936-086 used another inmate's phone minutes to place this phone call. I/m Orozco-Carrazco #35936-086 began using I/m (name and Register Number omitted) phone minutes dating back to 2-4-09. I/m Orozco-Carrazco #35936-086 has placed a total of 26 phone calls using another inmate's phone account starting on 2-4-09. All calls were direct calls using the money on inmate (name omitted) phone account, therefore Inmate Orozco-Carrazco received anything of value from another inmate. In total I/m Orozco-Carrazco #35936-086 has used up a total of 218 minutes of I/m (name and Register Number omitted) phone time.
>
> I verified all calls placed to (phone number omitted) dating back to 2-4-09 and I can verify inmate Orozco-Carrazco's #35936-086 voice and he is talking to the same female.

(ECF No. 10-2 at 5).

On March 6, 2009, Incident Report No. 1841621 was delivered to Petitioner. Upon delivery of the Incident Report, an investigation was conducted. Petitioner was advised of his right to remain silent

2

during the disciplinary process. After the Incident Report was read to him, Petitioner indicated that he understood the charges against him. The Investigating Lieutenant noted Petitioner's responses to the following questions: "When asked: 'Did (name omitted) give you his PAC number or did you steal it?' Inmate Orozco-Carrazco replied: 'Stealed it.' When asked: 'Did you use his money or your money to place the phone calls?' Inmate Orozco-Carrazco replied: 'his money.' When asked: 'who were you calling?' Inmate Orozco-Carrazco replied: 'My fiancé, Linda.' When asked: 'Does (name omitted) know that you are using his phone account and his money?' Inmate Orozco-Carrazco replied: 'He doesn't know. He only uses it sometimes. He asked for help getting numbers approved on the computer and I just got it over there. I placed that number on his account.' When asked: 'How is he getting money put on his books?' Inmate Orozco-Carrazco replied: 'I think his family.'" The Investigating Lieutenant indicated that he spoke with the other inmate, and the other inmate did not have any idea that he was being taken advantage of by Petitioner. At the conclusion of the investigation, the Investigating Lieutenant referred the Incident Report to the Unit Discipline Committee ("UDC") for an initial hearing. (ECF No. 10-2 at 6).

On March 11, 2009, the UDC convened for an initial hearing. At the conclusion of the hearing, the UDC referred Incident Report No. 1841621 to the DHO, Randy McWilliams, for final disposition. After the initial hearing, Petitioner was advised of his rights at the DHO Hearing. (ECF No. 10-2 at 11).

On March 24, 2009, the DHO hearing for Incident Report No. 1841621 was held at FDC SeaTac. Petitioner was advised of his rights before the DHO. He waived his right to a staff representative and witnesses. He admitted to the DHO:

> "I did take his [PAC] number and use it to make phone calls. He didn't know how to use it very well so I showed him and then I used his information and made call[s] with it."
> "He had no idea that I was doing it, but he is my [cousin] so I just did it anyway." "I guess there really isn't much more for me to say[;] I did it and I won't do it any more."
> "My Mother puts money on his books anyway."

3

(ECF No. 10-2 at 13).

At the conclusion of the hearing, the DHO determined that Petitioner committed the prohibited acts of Stealing and Abuse of the Telephone (non-criminal), in violation of Codes 219 and 297, respectively. (ECF No. 10-2 at 14-15). The DHO imposed the following relevant sanctions for violating Code 297 (Abuse of the Telephone – non-criminal): (1) disallowance of 14 days of GCT. He also imposed the following relevant sanctions for violating Code 219 (Stealing): (1) disallowance of 27 days of GCT. (ECF No. 10-2 at 14-16).

On March 30, 2009, the DHO Report was delivered to Petitioner. The DHO Report advised Petitioner of his right to appeal the action within 20 calendar days under the Bureau of Prisons' Administrative Remedy Procedure. (ECF No. 10-2 at 16). Petitioner did not file a timely appeal. He did attempt to appeal the DHO's decision on several subsequent occasions (beginning in September of 2010), but those attempts were rejected because, *inter alia*, they were untimely. (ECF No. 10-1 at 4, ¶ 6(a)-(e)).

Petitioner commenced this action in February of 2011. As noted above, he alleges that the sanctions he received following his March 24, 2009, disciplinary hearing at FDC SeaTac were imposed in violation of his due process rights. He also claims that the DHO at FDC SeaTac, McWilliams, "usurped his position while at FDC-SeaTac when acting in the capacity of a DHO Officer for the BOP." As relief, he seeks reinstatement of 41 days of good conduct time. (ECF No. 4 at 5).

After Petitioner commenced this action, the Warden at FCI McKean, where Petitioner is incarcerated, reviewed the DHO packet for Incident Report No. 1841621, and remanded the case to a DHO at FCI McKean for review and rehearing. (ECF No. 10-2 at 19).

On June 23, 2011, the DHO at FCI McKean re-heard Incident Report No. 1841621. Petitioner was advised that as a result of an Executive Staff review of the DHO packet it was determined that a

procedural error may have been made. The DHO advised Petitioner of his due process rights. Petitioner stated that he understood his rights. He had no documentary evidence to present, and he requested no witnesses or a staff representative. Petitioner told the DHO that the Incident Report was true as written. He admitted that he used the other inmate's telephone account to place a telephone call. He stated his belief that because he was a pre-trial detainee at the time he committed the misconduct, that the Bureau of Prisons could not disallow GCT. (ECF No. 10-2 at 18-20).

At the conclusion of the hearing, the DHO at FCI McKean determined that Petitioner committed the prohibited act of Abuse of the Telephone (non-criminal), in violation of Code 297. The charge of Stealing (Code 219) was expunged. The DHO based its decision on the written statement of the reporting staff member. The DHO explained that because the charge of Abuse of the Telephones (non-criminal) covered both the act of taking the other inmate's PAC number and the act of using it, he would expunge the charge for Stealing, Code 219. The DHO noted that Petitioner offered no defense. The DHO advised Petitioner that the Bureau of Prisons' policy on inmate discipline authorized him to disallow GCT from pre-trial detainees as well as sentenced prisoners in custody. The DHO imposed the following relevant sanctions: (1) disallowance of 14 days of GCT. (ECF No. 10-2 at 19-20). All GCT taken in connection with the Stealing (Code 219) charge was reinstated to Petitioner's sentence computation. (ECF No. 10-1 at 31-33).

The Amended DHO report was delivered to Petitioner on June 24, 2011. It advised Petitioner that if he was dissatisfied with the disciplinary action taken in connection with the re-hearing, he could appeal the action within 20 calendar days under the Administrative Remedy Procedure. (ECF No. 10-2 at 20). On July 7, 2011, Petitioner filed a Regional Administrative Remedy Appeal. (ECF No. 11 at 5). The record does not disclose the outcome of that proceeding, and there is nothing in the record to indicate that Petitioner's administrative appeal process has concluded.

Following the June 23, 2011, DHO re-hearing at FCI McKean of Incident Report No. 1841621, the Respondent filed his Answer. (ECF No. 10). He contends, *inter alia*, that the petition should be dismissed as moot and because Petitioner failed to exhaust his administrative remedies.

### B. Subject Matter Jurisdiction

A challenge to a federal sentence *as imposed* must be made under 28 U.S.C. § 2255. In contrast, a claim concerning the execution of a federal sentence by federal prison and parole authorities is properly brought under 28 U.S.C. § 2241. Bennett v. Soto, 850 F.2d 161 (3d Cir. 1988); Gomori v. Arnold, 533 F.2d 871 (3d Cir. 1976). Because Petitioner is challenging the terms (*i.e.*, execution) of his sentence, his petition for a writ of habeas corpus is properly brought under 28 U.S.C. § 2241.

### C. Discussion

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution. See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998); see also Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant *and likely to be redressed by a favorable judicial decision*." Burkey, 556 F.3d at 147 (emphasis added), citing Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990) and Allen v. Wright, 468 U.S. 737, 750-751 (1984); Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471-473 (1982).

"This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a 'personal stake in the outcome' of the lawsuit." Id. Thus, if developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. Id.; Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996); New Rock Asset Partners v. Preferred Entity Advancements, 101 F.3d 1492, 1496-97 (3d Cir. 1996); In re Overland Park Fin. Corp., 236 F.3d 1246, 1254 (10th Cir. 2001), quoting Church of Scientology v. United States, 506 U.S. 9, 12 (1992) for the proposition that a case is moot when it is "impossible for the court to grant 'any effectual relief whatever' to a prevailing party."

Applying the above precepts to this case, the petition is moot. In it, Petitioner challenged the disciplinary proceedings held at FDC SeaTac regarding Incident Report No. 1841621 and sought an Order from this Court directing that the 41 days of GCT that he was disallowed pursuant to that proceeding be restored to him. All disciplinary action taken in connection with the DHO hearing at FDC SeaTac has been superseded by the recent proceedings held at FCI McKean. As set forth above, the Warden at FCI McKean remanded Petitioner's case to a DHO at that institution and a rehearing was held on June 23, 2011. At the conclusion of that hearing, the DHO determined that Petitioner committed the prohibited act of Abuse of the Telephone (non-criminal), in violation of Code 297. The charge of Stealing (Code 219) was expunged. The DHO disallowed only 14 days of GCT (he had previously been disallowed 41 days of GCT). Thus, without Court intervention Petitioner has received a good portion of the relief that he requested (the restoration of 27 days of GCT). In any event, because he is no longer subject to the outcome of the disciplinary proceeding at FDC SeaTac – which was the proceeding he challenged in the petition – his request for habeas relief is now moot. See Spencer, 523 U.S. at 18

7

("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so.").

In his most recent filing, Petitioner takes issue with the sanction imposed by the DHO at FCI McKean following his June 23, 2011, disciplinary hearing. He wants this Court to issue an Order directing that he be restored 14 additional days of GCT. To the extent that he seeks to challenge the results of the June 23, 2011, disciplinary hearing, his challenge is subject to dismissal because there is nothing in the record to support a finding that he exhausted his administrative remedies in that regard. See United States v. Wilson, 503 U.S. 329, 334-35 (1992); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996). He filed a Regional Administrative Remedy Appeal on July 7, 2011, but has not informed the Court of the outcome that appeal. If he was dissatisfied with the Region's response, he would have had to have filed a Central Office Appeal with the BOP's Office of General Counsel in Washington, D.C. in order to complete the administrative remedy process. There is nothing in the record before this Court showing that he completed that process.

### D. Petitioner's Outstanding Motion Should Be Dismissed

Also pending before the Court is Petitioner's motion for mandamus (ECF No. 11), in which he is moving for expedited review of his case. That motion is moot in light of this recommendation that the petition for a writ of habeas corpus be dismissed.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed[1] and that the motion pending at ECF No. 11 be dismissed.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the petitioner must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: October 12, 2011

cc: The Honorable Maurice B. Cohill
United States District Judge

---

[1] Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

9